```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BIENVENIDO FRANCO, individually
and on Behalf of all Others
Similarly Situated,

                Plaintiffs,
                                        MEMORANDUM & ORDER
    - against -                         07-CV-3956 (JS)(AKT)

IDEAL MORTGAGE  BANKERS, LTD,
d/b/a LEND AMERICA, INC., MICHAEL
ASHLEY, TIMOTHY MAYETTE, HELENE
DECILLIS, MICHAEL PRIMEAU,

                Defendants.
----------------------------------X
WILLIAM FRASER and BRIAN
MCCABE, individually
and on Behalf of all
Others Similarly Situated,

                Plaintiffs,

    - against -

IDEAL MORTGAGE  BANKERS, LTD,
d/b/a LEND AMERICA, INC., MICHAEL
ASHLEY, TIMOTHY MAYETTE, HELENE
DECILLIS, MICHAEL PRIMEAU,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Erik Harald Langeland, Esq.
                   Erik H. Langeland, P.C.
                   500 Fifth Avenue, Ste. 1610
                   New York, NY 10110

                   James B. Zouras, Esq.
                   205 N Michigan Ave.
                   Suite 2560
                   Chicago, IL 60601

                   Ryan F. Stephan, Esq.
                   Stephan Zouras LLP
                   205 N. Michigan Ave, Suite 2560
                   Chicago, IL 60601
```

For Defendants:

Lend America        Daniel F. Markham, Esq.
                    Coughlin Duffy LLP
                    Wall Street Plaza, 5th Floor
                    88 Pine Street
                    Wall Street Plaza
                    New York, NY 10005

                    Mitchel H. Kider, Esq.
                    Van T. Lam, Esq.
                    David M. Souders, Esq.
                    Weiner Brodsky Sidman & Kider PC
                    1300 19th Street, N.W., Fifth Floor
                    Washington, DC 20036-1609

Timothy Mayette     Jeffrey H. Weinberger, Esq.
                    475 Park Avenue South, 33rd Floor
                    New York, NY 10016

Helene DeCillis     Joseph A. Vogel, Esq.
                    Kravet & Vogel, LLP
                    1040 Avenue of the Americas, Suite 1101
                    New York, NY 10118

Michael Primeau     Michele Kahn, Esq.
                    Kahn & Goldberg LLP
                    708 Third Avenue, 19th Floor
                    New York, NY 10017

Michael Ashley      Philip R. Schatz, Esq.
                    Wrobel & Schatz, LLP
                    1040 Avenue of the Americas, 11th Floor
                    New York, NY 10018-3703

SEYBERT, District Judge:

Pending before the Court is Defendants' appeal of Magistrate Judge A. Kathleen Tomlinson's September 29, 2009 Order granting Plaintiffs' motion to amend and motion to consolidate (the "September 2009 Order"). For the reasons stated below, the Court dismisses Defendants' appeal and affirms Judge Tomlinson's Order.

BACKGROUND

Plaintiff Bienvenido Franco filed a Complaint on September 21, 2007 on behalf of himself and other similarly situated plaintiffs. The Complaint alleges that Defendant Ideal Mortgage Bankers, Ltd., d/b/a Lend America ("Ideal Mortgage"), violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by failing to pay certain loan officers minimum wage and overtime pay.

On March 4, 2008, Plaintiffs filed a motion to amend the Complaint to (1) correct Defendant's corporate name, (2) add claims under the New York State Labor Law, and (3) add Timothy Mayette, Chief Financial Officer; Helene DeCillis, Chief Operation Officer; Michael Primeau, President and Chief Executive Officer; and Michael Ashley, Vice-President and Chief Strategist, as individual defendants.

On July 10, 2009, the parties entered into a Stipulation (the "Stipulation") wherein Ideal Mortgage agreed to provide Plaintiffs' counsel with the names, dates of employments, and addresses of all loan officers since September 21, 2004, Plaintiffs agreed to withdraw their motion to amend, and the parties agreed that Plaintiffs would file an Amended Complaint containing Defendant's correct name. Additionally, the parties agreed to conditionally certify the case as a Section 216(b) collective action and allow Plaintiffs to distribute notice to potential collective action members. This Court "so ordered" the stipulation

3

on August 13, 2009.

On February 19, 2009, Plaintiffs again filed a motion to amend to add the same four defendants named in Plaintiffs' earlier motion to amend. Plaintiffs' second motion to amend did not seek to assert claims under the New York Labor Law. Thereafter, on April 14, 2009, Plaintiffs filed a motion to consolidate this action with Fraser, et al. v. Ideal Mortgage Bankers, Ltd. et al., No. 09-CV-0664 (JFB)(AKT). Filed on February 17, 2009, the Fraser case asserts similar claims under the FLSA against Defendant Ideal Mortgage but also asserts claims against the individually-named Defendants and alleges claims under various New York state statutes, including the New York Labor Law. This Court referred both the motion to amend and motion to consolidate to Judge Tomlinson for a ruling.[1]

In her September 2009 Order, Judge Tomlinson found that Plaintiffs should be permitted to amend their Complaint to add the four individually-named Defendants. Specifically, Judge Tomlinson found amendment would not cause undue delay or prejudice because Plaintiffs would depose the four executives regardless of whether they are named as defendants, Ideal Mortgage would not need to defend against claims based on new legal theories, and neither

---

[1] Because neither the motion to amend nor the motion to consolidate were dispositive, this Court referred the motions to Judge Tolminson for a ruling rather than a Report and Recommendation.

4

depositions nor expert discovery had begun.  Additionally, Judge Tomlinson granted Plaintiffs' motion to consolidate after finding that the interest in judicial efficiency outweighed any prejudice that might result from consolidation.

Ideal Mortgage now appeals; according to Ideal Mortgage, Judge Tomlinson's September 2009 Order is clearly erroneous in determining that consolidation would promote judicial efficiency and is contrary to law because it relies on representations regarding confidential settlement negotiations and overturns an Order by this Court.  The Court disagrees.

## DISCUSSION

I. Standard of Review

The Court may set aside a Magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed."  E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)) (alteration in original).  An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  First Wireless, 225 F.R.D. at 405.

II. <u>Magistrate Judge Tomlinson's Order is Not Clearly Erroneous</u>

    A. <u>Judge Tomlinson's Order did not rely on Representations Regarding the Parties' Confidential Mediation Sessions</u>

Ideal Mortgage maintains that Plaintiffs violated Local Rule 83.11 by referring to the parties' confidential mediation sessions in Plaintiffs' motion to amend,[2] and maintains that Judge Tomlinson improperly relied on Plaintiffs' representations regarding confidential settlement negotiations.

In Plaintiffs' reply papers in further support of their motion to amend, Plaintiffs stated, "[b]ased in part on information obtained during the mediation (which Plaintiffs believe is subject to a confidentiality agreement), Plaintiffs have concluded, in the interests of protecting their clients, that it is even more vital to name" the executives. Plaintiffs did not elaborate on this statement or provide any information regarding the substance of the information obtained during the mediation.

The Court agrees with Defendants that it would be improper for Plaintiffs to rely on information obtained during the mediation session for <u>any</u> purpose, including to support a motion to amend. Accordingly, it would have been prudent for Plaintiffs to refrain from referring to the information gleaned at the mediation

---

[2] Rule 83.11 of the Local Rules for the Eastern District of New York states, "Unless the parties otherwise agree, all written and oral communications made by the parties and the mediator in connection with or during any mediation session are confidential and may not be disclosed or used for any purpose unrelated to the mediation."

sessions completely; Plaintiffs should not have referred to this information to justify their delay in seeking amendment.  However, the Court finds that Plaintiffs did not rely on the confidential information to support their motion to amend because a nearly-identical motion had been filed with the Court previously and prior to the parties' mediation sessions.

Moreover, Plaintiffs' minor reference to the mediation session did not impact Judge Tomlinson's Order.  Plaintiffs did not disclose any of the information gleaned during the parties' mediation sessions to Judge Tomlinson, nor did Plaintiffs attach any documents obtained during the mediation sessions in support of their motion to amend.  Judge Tomlinson merely stated, briefly, that "Plaintiff contends that he learned additional information during the January 2009 mediation which further supports the good faith basis for asserting claims against [the] four executives." September 2009 Order at 6.

However, Judge Tomlinson also found credence in Plaintiffs' assertion that "evidence gleaned from Defendant's document production provided [Plaintiffs] with a good faith basis to claim that the four executives are employers within the meaning of the FLSA and are subject to liability." Id.  Thus, it is clear to the Court that Judge Tomlinson did not rely on any such improperly-disclosed information in issuing her Order.  Judge Tomlinson found sufficient justification for the amendment in

Plaintiffs' assertion that evidence in the document production provided support for their amendment, and additionally found that there would be no undue prejudice in allowing the amendment. Accordingly, the Court rejects Defendants' claim that Judge Tomlinson improperly relied on confidential information in making her ruling.

> B. Judge Tomlinson's Order does not Overturn an Order of this Court

Ideal Mortgage next argues that because the parties' Stipulation was "so ordered" by this Court, Judge Tomlinson lacked authority to modify the Stipulation. According to Ideal Mortgage, Judge Tomlinson's Order eviscerates the Stipulation by permitting Plaintiffs to file an amended Complaint similar to the proposed Amended Complaint that Plaintiffs agreed to withdraw and by "reopening the opt-in process." Def.'s Mem. p. 8. The Court disagrees. Although the Court approved the parties' agreement, the Stipulation did not contain a provision that Plaintiffs would withdraw their motion to amend with prejudice, nor did the Court rule that Plaintiffs' motion was withdrawn with prejudice. Thus, the Court finds that the Stipulation and the Court's Order did not foreclose Plaintiffs from re-filing their motion to amend. See Duffy v. E. Port Excavation & Utils. Contrs., Inc., No. 07-CV-0217, 2008 U.S. Dist. LEXIS 23078, at * 6 (E.D.N.Y. Mar. 24, 2008) ("Given the . . . absence of a provision that the dismissal would be with prejudice . . ., 2006, the Court finds that the parties'

dismissal of the 2004 action was without prejudice and, accordingly, does not constitute a dismissal on the merits.").

### C. Judge Tomlinson did not Err in Finding that Consolidation Would Promote Judicial Efficiency

Ideal Mortgage rehashes its argument that Plaintiffs' motion to consolidate should not be granted because it would waste both the Court and the parties' time and resources. However, Judge Tomlinson issued a sound and detailed Order outlining her basis for finding that consolidation would promote judicial efficiency. The Court may only overturn Judge Tomlinson's Order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Ideal Mortgage has not convinced the Court that the Order is either erroneous or contrary to law. Rather, as Judge Tomlinson stated, consolidation is warranted because the Franco and Fraser matters involve virtually identical facts, discovery in the two actions is likely to involve duplicative depositions and document productions, and many of the members of the putative class in Franco will likely seek to assert New York state law claims in Fraser. Thus, the Court rejects Ideal Mortgage's argument that Judge Tomlinson committed clear error by granting Plaintiffs' motion to consolidate.

CONCLUSION

For the reasons stated above, Defendants' appeal of Judge Tomlinson's September 29, 2009 Order is DENIED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2009
Central Islip, New York