```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BIENVENIDO FRANCO, individually
and on Behalf of all Others
Similarly Situated,

                Plaintiffs,
                                        MEMORANDUM & ORDER
    - against -                         07-CV-3956 (JS)(AKT)
                                        09-CV-0664 (JS) (AKT)
IDEAL MORTGAGE  BANKERS, LTD,
d/b/a LEND AMERICA, INC., MICHAEL
ASHLEY, TIMOTHY MAYETTE, HELENE
DECILLIS, MICHAEL PRIMEAU,

                Defendants.
----------------------------------X

APPEARANCES:
For Plaintiffs:      Erik Harald Langeland, Esq.
                     Erik H. Langeland, P.C.
                     500 Fifth Avenue, Ste. 1610
                     New York, NY 10110

                     James B. Zouras, Esq.
                     205 N Michigan Ave.
                     Suite 2560
                     Chicago, IL 60601

                     Ryan F. Stephan, Esq.
                     Stephan Zouras LLP
                     205 N. Michigan Ave, Suite 2560
                     Chicago, IL 60601

For Defendants:

Ideal Mortgage
Bankers, Ltd.        Daniel F. Markham, Esq.
                     Coughlin Duffy LLP
                     Wall Street Plaza, 5th Floor
                     88 Pine Street
                     New York, NY 10005
```

|  | Mitchel H. Kider, Esq.<br>Van T. Lam, Esq.<br>David M. Souders, Esq.<br>Weiner Brodsky Sidman & Kider PC<br>1300 19th Street, N.W., Fifth Floor<br>Washington, DC 20036-1609 |
|---|---|
| Timothy Mayette | Jeffrey H. Weinberger, Esq.<br>475 Park Avenue South, 33rd Floor<br>New York, NY 10016 |
| Helene DeCillis | Joseph A. Vogel, Esq.<br>Kravet & Vogel, LLP<br>1040 Avenue of the Americas, Suite 1101<br>New York, NY 10118 |
| Michael Primeau | Michele Kahn, Esq.<br>Kahn & Goldberg LLP<br>708 Third Avenue, 19th Floor<br>New York, NY 10017 |
| Michael Ashley | Philip R. Schatz, Esq.<br>Wrobel & Schatz, LLP<br>1040 Avenue of the Americas, 11th Floor<br>New York, NY 10018-3703 |

SEYBERT, District Judge:

On September 21, 2007, Plaintiff Bienvenido Franco, on behalf of others similarly situated, sued Ideal Mortgage Bankers, Ltd., d/b/a Lend America ("Ideal"), alleging that Ideal violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., by failing to pay their loan officers minimum wages and overtime ("Franco Action"). Mr. Franco later amended his Complaint to name various individual defendants. On February 17, 2009, Plaintiffs William Fraser and Brian McCabe commenced a similar action ("Fraser Action"). The Fraser Action raises

2

substantively identical factual allegations as the Franco Action, but also asserts putative class action claims under the New York Labor Articles. On September 28, 2009, Magistrate Judge A. Kathleen Tomlinson consolidated the Fraser Action into the Franco Action.

Pending before the Court are: (1) two motions to dismiss and/or strike the New York Labor Articles claims, to the extent that they purport to assert a FED. R. CIV. P. 23 opt-out class action; and, (2) Plaintiffs' motion to conditionally certify a FLSA collective action.

## BACKGROUND

The facts below are taken from the Fraser Action's Complaint, and are assumed true for purposes of the pending motions to dismiss.

Ideal is a mortgage banking company that has been in the mortgage business for over 6 years. Fraser Compl. ¶ 15. Ideal hired the named Plaintiffs, and others similarly situated, to work as loan officers. Id. ¶ 16. In this role, Plaintiffs sold residential mortgage loans. Id. ¶ 18.

Ideal paid Plaintiffs on a commission only basis. Id. ¶ 22. Ideal did not pay Plaintiffs a guaranteed salary. Id. ¶ 23. Thus, Ideal did not pay Plaintiffs "the requisite minimum wage." Id. ¶ 26. Nor did Ideal pay Plaintiffs overtime when Plaintiffs worked more than forty hours in a week. Id. ¶ 24.

3

Rather, Ideal "improperly designat[ed] the position of loan officer as exempt from overtime requirements." Id. ¶ 31.

Plaintiffs claim that, in so doing, Ideal violated the FLSA, New York Labor Articles 6 and 19, and 12 NYCRR §§ 138-2.1 et. seq.

## DISCUSSION

I. Defendants' Motions To Dismiss Are Denied

On October 13, 2009, Ideal moved to dismiss the Complaint's New York state law claims, to the extent that they purport to assert a Rule 23 "opt-out" class action. The next day, Defendant Timothy Mayette filed a "me to" motion to dismiss that adopted Ideal's arguments.

Ideal raises two arguments. First, Ideal contends that the FLSA's "opt-in" framework is "inherently incompatible" with the "opt-out" class action available under New York state law. Thus, Ideal posits that permitting a substantively identical state law class action to proceed simultaneously with an FLSA collective action would undermine Congress' intent in drafting the FLSA. Second, Ideal argues that this conflict would violate the Rules Enabling Act, 28 U.S.C. § 2072(b).

These arguments have some merit as a matter of policy. But they have little as a matter of law. The Second Circuit has expressly found that the FLSA does not preempt states from imposing "overlapping" wage regulations, even if the applicable

4

state law imposes tougher standards on employers. <u>Overnite Transp. Co. v. Tianti</u>, 926 F.2d 220, 222 (2d Cir. 1991). Following <u>Overnight Transp. Co.</u>, Second Circuit district courts have repeatedly found that the FLSA does not preclude plaintiffs from bringing opt-out class actions under applicable state law.[1]

Defendants' Rule Enabling Act argument fairs no better. New York's state law does not "abridge, enlarge or modify any substantive right" that the FLSA confers. <u>See</u> <u>Cohen</u>, 2010 WL 92484 at *13 n. 2; <u>Guzman v. VLM, Inc.</u>, 07-CV-1126, 2008 WL 597186, *10 (E.D.N.Y. 2008). It provides an independent cause of action, under an entirely different statutory framework. <u>See</u> <u>Damassia v. Duane Reade, Inc.</u>, 250 F.R.D. 152, 164 (S.D.N.Y. 2008) (noting that a state law class action "does not affect an employee's ability to opt in or not to an FLSA collective action"). And, in any event, class actions and collective actions are procedural devices, not substantive rights. <u>See</u> <u>Damassia</u>, 250 F.R.D. at 164; <u>Westerfield v. Wash. Mut. Bank</u>, 06-CV-2817, 2007 WL 2162989, *1 (E.D.N.Y. 2007).

---

[1] <u>See, e.g.</u>, <u>Gardner v. Western Beef Properties, Inc.</u>, 07-CV-2345, 2008 WL 2446681, *4 (E.D.N.Y. 2008) (Dearie, C.J.) (finding "no support in the legislative history of Section 16(b) for defendant's view that . . . Congress intended . . . . to undermine those coexisting state rights by denying employees access to the tools of the modern class action of today"); <u>Cohen v. Gerson Lehrman Group, Inc.</u>, 09-CV-4352, 2010 WL 92484, *4-5 (S.D.N.Y. 2010); <u>Perkins v. So. New England Tel. Co.</u>, 07-CV-0967, 2009 WL 350604, *3-4 (D. Conn. 2009).

5

## II. Plaintiffs' Motion To Conditionally Certify A Collective Action Is Granted In Part And Denied In Part

Plaintiffs have also moved to conditionally certify an FLSA collective action. To that end, Plaintiffs seek to require Defendants to "produce a computer-readable data file containing the names, addresses and telephone numbers of such potential opt-in members," and ask the Court to authorize notice to similarly situated persons of their opt-in rights. Two Defendants, Michael Ashley and Helene DeCillis, have filed partial oppositions to Plaintiffs' motion. These oppositions do not contest Plaintiffs' request for conditional certification. But they contend that, as they no longer work for Ideal, they lack any information concerning potential opt-in class members and thus cannot provide this information to Plaintiffs.

### A. Preliminary Certification Is Warranted

To determine whether to certify an action as an FLSA collective action, a two-step analysis is used. See e.g., Sexton v. Franklin First Financial, Ltd., 08-CV-4950, 2009 WL 1706535, *3 (E.D.N.Y. 2009). First, a court must determine whether an action is entitled to "preliminary" certification. Id. This is the only "step" of the two-step analysis presently before the Court. Its resolution depends on whether the proposed class members are "similarly situated." Id. The "similarly situated" inquiry, in turn, requires plaintiffs to

6

make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." E.g., Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007). Plaintiffs meet this burden if they "show that there is a factual nexus between their situation and that of the other proposed plaintiffs." E.g., Romero v. Flaum Appetizing Corp., 07-CV-7222, 2009 WL 2591608, *2 (S.D.N.Y. 2009). Plaintiffs are not required to make any showing of "numerosity, typicality, commonality, or representativeness," as they would in a Rule 23 motion for class certification. E.g., Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007).

Here, Plaintiffs have made this "modest" showing of a "factual nexus." Specifically, Plaintiffs have provided declarations from seven former Ideal loan officers, including declarations from the named Plaintiffs, Mr. Fraser and Mr. McCabe. These persons all attest to: (1) having worked as Ideal loan officers; (2) having been paid only on a commission basis; and (3) having not received overtime compensation. Pl. Ex. C-I. All but one of the declarants also attest to not being paid anything, even minimum wage, if they did not sell a loan during the applicable pay period. Pl. Ex. C-E, G-I. This is more than sufficient to meet Plaintiffs' "modest" burden at this stage.

7

B.  Plaintiffs Are Entitled To Notice

Because Plaintiffs are entitled to preliminary certification, they are also entitled to Court-supervised notice to prospective opt-in plaintiffs. See, e.g., Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005). But Plaintiffs are not entitled to notice as extensive as they request, in two key respects.

First, Plaintiffs seek to provide notice to persons who worked as Ideal loan officers during the three years prior to commencing this lawsuit. This proposed notice period is too long. The FLSA provides for a two year statute of limitations, which is extended to three years in the case of willful violations. 29 U.S.C. § 255(a). The Court agrees that, based on the Complaint's well-pled allegations, the three year notice period applies. See Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008). But this period runs backwards from the date the Court enters an order approving preliminary certification, not from when the action commenced. See, e.g., Id.; Romero, 2009 WL 2591608 at *5. Thus, Plaintiffs are entitled to notice only for the three years before today, April 14, 2010.

8

Second, Plaintiffs' proposed notice contains one problematic paragraph. In Section VI, titled "No Legal Effect In Not Joining This Suit," Plaintiffs purport to advise potential class members that:

> If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join in this suit, you are free to hire counsel of your choice and file your own lawsuit. The statute of limitations will continue to run on your claim until you join this suit or file your own.

This section was appropriate for the Franco Action. But it is inaccurate for the Fraser Action, which purports to assert both "opt-in" and "opt-out" claims. Accordingly, the Court has revised this proposed paragraph as follows:

> This litigation asserts both federal and state law claims. If you choose not to join this suit, you will not participate in the portion of this suit which alleges federal claims, and you may hire an attorney to pursue those claims on your behalf in your own lawsuit. The statute of limitations will continue to run until you either join this suit or file your own.

The Court otherwise approves Plaintiff's request for notice.

    C.   <u>Defendants Ashley And DeCillis</u>

Defendants Ashley and DeCillis have opposed Plaintiffs' motion because it asks them to "produce a computer-readable data file containing the names, addresses and telephone

9

numbers of such potential opt-in members." Defendants Ashley and DeCillis contend that they lack this information. Plaintiffs have not responded to Defendants Ashley's and DeCillis' opposition papers, and have provided the Court with nothing to suggest that these Defendants have the requested information. Accordingly, the Court does not ask them to provide it. The Court also notes, sua sponte, that the other individual defendants may not have this information. Consequently, the Court orders the remaining defendants to produce a computer-readable data file containing the names, addresses and telephone numbers of such potential opt-in members, if this information remains in the defendant's possession or control, or the defendant otherwise has access to such information.

CONCLUSION

This action is conditionally certified as an FLSA collective action. Plaintiffs are authorized to send notice to potential opt-in class members consistent with this Order. Defendants are ORDERED to produce a computer-readable data file containing the names, addresses and telephone numbers of such potential opt-in members, <u>if</u> this information remains in the defendant's possession or control, <u>or</u> the defendant otherwise has access to such information.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April 14, 2010