**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
BIENVENIDO FRANCO, Individually and on
Behalf of All Others Similarly Situated,

                           Plaintiffs,

                                                           **REPORT AND**
                                                           **RECOMMENDATION**
          - against -

IDEAL MORTGAGE BANKERS, LTD. d/b/a                  CV 07-3956 (JS) (AKT)
LEND AMERICA, INC., MICHAEL ASHLEY,
TIMOTHY MAYETTE, HELENE DECILLIS,
MICHAEL PRIMEAU,

                           Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **PRELIMINARY STATEMENT**

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* on behalf of himself and all other current and former employees of Lend America, Inc. who worked as loan officers during the applicable limitations period, to recover unpaid wages against Ideal Mortgage Bankers, Ltd d/b/a Lend America, Inc. ("Lend America"), and Lend America officers Michael Ashley, Timothy Mayette, Helene Decillis and Michael Primeau ("Officers").

The original Complaint, filed on September 21, 2007, was solely against Defendant Lend America which filed an answer on October 3, 2007 , denying the allegations asserted therein. *See* DE 2. A first amended complaint was filed correcting Lend America's corporate name. *See* DE 56. Defendant Lend America filed an answer to the first amended complaint denying the allegations against it. *See* DE 59.

However, Plaintiff again moved to amend the complaint [DE 112], which motion was

granted on September 28, 2009. *See* DE 128. Thus, Plaintiff filed a second amended complaint, adding claims against the Lend America corporate officers, *See* DE 129. In response, Lend America again filed an answer *See* DE 134. In addition, the individual corporate officers filed answers to the second amended complaint. *See* DE 153, 155, 156, 160.

In December 2009, counsel for Lend America filed, under seal, a motion to withdraw as its counsel.[1] *See* DE 176. This motion was granted on January 25, 2010. *See* DE 177. Approximately a week later, Plaintiff moved for default judgment against Lend America asserting that such a judgment is warranted as Lend America was no longer represented by counsel. *See* DE 179.

District Judge Seybert referred the matter to me for a Report and Recommendation as to whether the pending motion should be granted, and to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded based upon such determination. DE 180.

## II. PERTINENT FACTS

Lend America is a mortgage bank that provides loan services. Sec. Am. Compl. ¶ 12. Plaintiff and other loan officers, whose principal job was to sell residential mortgage loans, were paid primarily on a commission basis. *Id.,* ¶¶ 15-19. In accordance with Lend America's company-wide policies, loan officers were paid by fixed commissions, regardless of the hours actually worked, and without a guaranteed salary. *Id.,* ¶¶ 21-22. In fact, Plaintiff alleges that loan officers routinely worked in excess of 40 hours per week without any overtime compensation. *Id.,* ¶ 24. In addition, loan officers were not required to record their time worked and Lend America failed to maintain accurate time records. *Id.,* ¶ 31.

---

[1] The individual corporate officers have all retained separate counsel.

**III.     APPLICABLE STANDARD**

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief he seeks. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see FashionTV.com GMBH v. Hew*, No. 06-CV-3200, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b). *See Kieit Constructors, Inc. v. Franbuilt, Inc.,* 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, No. 07-CV-121A, 2007 WL 2363694, at *2.

Rule 55(b)(2) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment." The determination of a motion for default judgment is left to

3

the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 160, 610, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001). These factors are (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,* No. 02 Civ 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

**IV.    DISCUSSION**

As to the first factor, the failure of Defendant Lend America to seek leave to substitute counsel does not in itself show a willful default even though the law is clear that a corporation cannot appear through a lay person. *See, Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983). *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991), the case cited by Plaintiff in support of a default judgment against Lend America, is distinguishable from the facts presented in the case at bar. In *Eagle*, the Court granted the application of plaintiff's counsel to withdraw as counsel for the plaintiff partnership and two individuals, but also instructed counsel "to inform their clients that they should 'take immediate action to procure new counsel or, if permitted by law, notify the Court of an intention to proceed pro se." *Eagle*, 926 F.2d at 1306-07. Subsequently, the Court again instructed that "failure of Eagle to appear on June 19 through an attorney . . . would result in a default judgment being entered against [it]." *Id*. at 1307. After failing to appear by counsel, the District Court entered a default judgment against Eagle. *Id*. The Second Circuit agreed, and determined that "[s]ince Eagle failed to comply with the district court's order directing it to appear with counsel, the district court did not abuse its discretion in entering a default judgment." *Id.* at 1310.

However, after a review of the record here, Defendant Lend America did not fail to comply with any district court order directing it to appear with counsel since no order was ever given by this Court. The presence of a disregarded Order is determinative in granting default judgment against a corporate entity that fails to retain counsel. *See, e.g., Powerserve Int'l, Inc., Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (affirming default judgment where corporate defendant failed to retain counsel by date specified by district court); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d

426, 427 (2d Cir. 1967) (reversing district court's refusal to grant default judgment where corporate defendant failed to comply with court order requiring appearance through counsel); *Grant v. West*, No. 97-CV-6561, 2001 WL 1597804 (E.D.N.Y. Nov. 6, 2001) (holding defendant in default after no attorney filed a notice of appearance on behalf of corporation after court ordered defendant to retain counsel immediately and file a notice of appearance by a date certain). Accordingly, without a disregarded court order, the failure to retain counsel cannot be labeled as willful at this time.[2]

Next, the Court must consider whether Defendant Lend America has a meritorious defense. As noted above, Lend America has filed answers on three separate occasions in response to the complaints filed. *See* DE 2, 59, 134. Indeed, in its latest answer, Lend America asserts twenty-five (25) affirmative defenses including: the action being barred by the applicable statute of limitations; the lack of Plaintiff's standing, the employees at issue were exempt from overtime provisions of the FLSA; the employees were paid all wages due to them under FLSA; the unavailability of damages requested by Plaintiff; among others. *See* DE 134. Although all of the affirmative defenses asserted by Lend America may not be feasible, it is my view that the Defendant has put forth on its face a meritorious defense, though such defense is yet untested.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied. Denying this motion would not be prejudicial to Plaintiff at this time. If Defendant Lend America fails to appear through counsel subsequent to an Order by this Court directing it to, Plaintiff can refile its motion for default judgment.
To answer the District Judge's first question, then, all three factors have not been met and thus, a

---

[2] Although to date Defendant Lend America has still not appeared through counsel, the above analysis does not change without a court order directing such appearance to be made.

default judgment is not warranted at this time. I therefore respectfully recommend to Judge Seybert that a default judgment should not be entered against Defendant Lend America. However, I further recommend that an Order be issued by this Court directing Defendant Lend America to retain counsel and file a notice of appearance by a date certain.

## V.    CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that (1) the Plaintiff's motion be DISMISSED, without prejudice, and that a default judgment should not be entered against Defendant Lend America; and (2) an Order be issued directing Defendant Lend America to retain counsel and to file a notice of appearance by a date certain.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       August 23, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge