**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
BIENVENIDO FRANCO, WILLIAM FRASER,
BRIAN McCABE, on behalf of themselves and all
others similarly situated,

                              Plaintiffs,

                                                                **REPORT AND**
                                                                **RECOMMENDATION**

                    - against -
                                                                CV 07-3956 (JS) (AKT)

IDEAL MORTGAGE BANKERS, LTD. d/b/a
LEND AMERICA, INC., MICHAEL ASHLEY,
TIMOTHY MAYETTE, HELENE DECILLIS,
MICHAEL PRIMEAU,

                              Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On September 21, 2007, Plaintiff Bienvenido Franco ("Franco"), on behalf of others

similarly situated, sued Ideal Mortgage Bankers, Ltd., d/b/a/ Lend America ("Lend America") for

allegedly violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* by failing to

pay its loan officers  minimum wages and overtime.  Franco amended the Complaint twice, the

first to correct Lend America's corporate name, and the second, to name as Defendants Lend

America Officers Michael Ashley, Timothy Mayette, Helene Decillis and Michael Primeau.  *See*

DE 56, 129.  Lend America and the individual Officers filed Answers to the Second Amended

Complaint.  *See* DE 134, 153, 155-56, 160.  On February 17, 2009, Plaintiffs William Fraser and

Brian McCabe commenced a similar action in this District under Civil Docket 09-CV-664.  Their

action was consolidated with Franco's suit on September 28, 2009.  *See* DE 128.

In December 2009, counsel for Lend America filed, under seal, a motion to withdraw as its counsel. *See* DE 176. This motion was granted by District Judge Seybert on January 25, 2010. *See* DE 177. On February 3, 2010, Plaintiffs moved for default judgment against Lend America asserting that such a judgment was warranted as Lend America no longer was represented by counsel. *See* DE 179. Judge Seybert referred this motion to me for a Report and Recommendation as to whether the motion should be grated, and to determine the appropriate amount of damages, if any, to be awarded to the Plaintiffs. *See* DE 180. Although a corporation cannot appear in an action without counsel, this Court acknowledged in its Report and Recommendation that no Order was given by the Court directing Defendant Lend America to appear with counsel by a certain date. *See* DE 216. In light of the fact that the presence of a disregarded Order is determinative in granting default judgment against a corporation entity that fails to retain counsel, this Court recommended that Plaintiff's motion for default judgment against Lend America be denied. However, it was also recommended to Judge Seybert that an Order be issued directing Lend America to retain counsel by a date certain. *Id.* Judge Seybert adopted this Court's recommendations and ordered Lend America to retain counsel by October 15, 2010. *See* DE 217.

After Lend America failed to retain counsel by the October 15, 2010 deadline, Plaintiffs again moved for default judgment against Lend America which was also referred to this Court by Judge Seybert. *See* DE 222-23. However, on March 9, 2011, Plaintiffs' counsel wrote to the Court informing it that Ideal Mortgage Bankers, Ltd. "is the subject of an involuntary bankruptcy action" and "[a]s this corporate defendant is subject to a stay, Plaintiffs will not continue to pursue the litigation against it at this time." *See* DE 225. Indeed, an involuntary petition

pursuant to 11 U.S.C. § 303 was filed against Ideal Mortgage Bankers, Ltd. on November 30, 2010 in the United States Bankruptcy Court for the Eastern District of New York. Pursuant to 11 U.S.C. § 362, a petition filed under Section 303

> operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 522 F. Supp. 2d 569, 577 n.48 (S.D.N.Y. 2007) ("A party voluntarily enters bankruptcy by filing a petition or, in the alternative, a company's creditors may file a petition to place the company in involuntary bankruptcy. In either event, the petition triggers an automatic stay that halts most proceedings attempting to recover the debtor's assets."). In light of the involuntary bankruptcy and the automatic stay currently in place, the Plaintiffs are not presently able to go forward in this action against Lend America. Therefore, I respectfully recommend to Judge Seybert that Plaintiffs' motion for default judgment against Lend America be DENIED, without prejudice. Should Plaintiffs seek, and the bankruptcy court grant, relief from the stay, Plaintiffs may renew their motion for default judgment against Lend America.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers

of the Honorable Joanna Seybert, and to the chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
July 29, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge